HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK SHAW,

        Plaintiff,

v.

CITY OF BREMERTON POLICE DEPARTMENT,

        Defendant.

CASE NO. C19-5640RBL

ORDER

THIS MATTER is before the Court on Defendant City of Bremerton's Motion for Summary Judgment. [Dkt. # 16]. Plaintiff Frank Shaw was a Bremerton police officer from 1993 - 2019. He claims the Bremerton Police Department discriminated against him based on his disability for using sick and FMLA leave, dating to 2013. He claims BPD retaliated against him for reporting that discrimination, for complaining about racially-charged online comments posted by his supervisors, and for taking FMLA leave. Shaw claims he was subjected to a hostile work environment and, finally, constructively discharged in May 2019. He sued the City of Bremerton Police Department in June 2019.

BPD seeks summary judgment, arguing that is not an entity capable of being sued, and Shaw has failed to name or serve a proper defendant. It also argues that Shaw failed to satisfy his

ORDER - 1

administrative pre-claim notice obligations on his constructive discharge claim—he filed his statutory pre-claim notice months before he left his job, and it did not assert a constructive discharge claim. It argues that Shaw has not and cannot demonstrate any sort of good cause for his procedural errors. It demonstrates that he has known about these deficiencies since July but has made no effort to correct them. It seeks dismissal of all claims (without prejudice) as a matter of law.

**A. Summary Judgment standard.**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871

(1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

**B. The Bremerton Police Department is not a proper defendant.**

BPD argues first and without rebuttal that it is not an entity that can sue or be sued. It demonstrates that it is a "department" within the City of Bremerton but it is not a municipal corporation that can be sued. *See* RCW 35.21.010(1). Indeed, the City's Code prohibits any of its departments from suing or being sued. B.M.C. §§ 2.5.010 and 2.19.010. BPD provides an entire page of citations to cases consistently holding that police and sheriff's departments are not legal entities subject to suit. *See* cases collected Dkt. # 16 at pp. 5-6. This is not a novel argument, nor holding. The proper party is the City of Bremerton, and Shaw's failure to name (or serve, discussed below) the correct defendant entity is fatal to his claims against BPD.

Shaw responds only that defendants can have "no confusion" about whom he intended to sue; he claims that the originally-named defendant was "the City of Bremerton Police Department, a department within the City of Bremerton" and that the defendant's attorney, not Shaw, shortened that redundancy to the "Bremerton Police Department." He offers a stipulation adding or substituting the City as a defendant as an easy fix to the problem caused by suing the entity he named.

But Shaw continues to identify the sole defendant in this lawsuit as "BPD." BPD accurately points out that Shaw has not properly served any defendant and understandably rejects out of hand Shaw's offer to "stipulate" to adding as a defendant a party which is not currently in the case. It points to the same long line of authority holding that the corrective for the failure to name the correct party in similar circumstances is the dismissal of the wrongly-named party.

BPD is entitled to dismissal of Shaw's claims against BPD, without prejudice.

**C. Shaw has not properly served any defendant.**

BPD also argues that Shaw's purported service on it is ineffective under the applicable state law[1], because he concedes he served his summons and complaint on "BPD Lieutenant Aaron Elton," who Shaw claims is "an agent of the defendant BPD." Shaw emphasizes that Elton is a supervisor and a witness to the conduct about which he claims. He also argues that he mailed hard copies of his summons and complaint to defense counsel (who filed a notice of appearance) and to the Kitsap County Superior Court. Shaw seems to argue that "service" of subsequent papers on a party's attorney (under Fed. R. Civ. P. 5) is sufficient service of a summons, notwithstanding the requirements of Fed. R. Civ. P. 4 (and state law).

This is not correct, as a matter of law. First, there is no "defendant BPD;" the Bremerton Police Department is not an entity that is legally capable of suing or being sued. The proper defendant for claims arising from Shaw's Bremerton Police Department employment is the City of Bremerton. A plaintiff may serve process on Bremerton through its Mayor or the City Clerk[2]. RCW 4.28.080(2). Bremerton has not designated Lt. Elton or anyone else as its agent for acceptance of service.

Second, Shaw has not cited a case holding that service of process on a defendant outside the strict requirements of the Rules and state law service statutes can be deemed "close enough" if the party had actual notice of the claim, or if a related party files a notice of appearance and defends (by, for example, pointing out the insufficiency of original service). As BPD argues, Shaw has failed to pass even this initial "procedural wicket." Shaw's attempted service on BPD's

---

[1] BPD argues that state law governs the service issues both because the case was originally filed in state court and because the (proper) defendant is a municipality. Shaw's purported service on Lt. Elton would not be proper under Federal Rule 4(j), either.

[2] The Mayor of Bremerton has not designated any agent for service of process, and the City of Bremerton does not have a City Manager. These are the only other two alternatives for service under RCW 4.28.080(2)

Lt. Elton is not effective service and it does not invoke this Court's jurisdiction over the City of Bremerton, as a matter of law. Shaw does not seek additional time for service and the Court would not be inclined to grant it if he did. He has offered no showing of a good faith mistake in his attempt to properly serve the City, even after he was timely informed of his error.

Shaw failed to sufficiently serve a viable defendant. BPD's Motion for Summary Judgment on this issue is GRANTED and Shaw's claims against the Bremerton Police Department are DISMISSED without prejudice for lack of sufficient service of process.

**D. Shaw failed to comply with the administrative prerequisites for his wrongful discharge claim.**

Finally, BPD argues that Shaw's constructive discharge claim was not included in his statutory pre-claim tort notice to the BPD. *See* RCW 4.96.020. As BPD correctly points out, such a filing is a condition precedent to filing a tort claim against a public entity. Shaw argues that the facts outlined in the notice he did serve are generally the same as the facts he now asserts in support of his constructive discharge claim. A pre-claim tort notice must identify and articulate each claim the plaintiff wishes to assert, before he files a lawsuit asserting such claims. *See Medina v Pub. Util. Dist. No. 1 of Benton County*, 147 Wn.2d 303, 310 (2002); *Moon v. City of Bellevue*, 142 Wn. App. 1037 (2008). Shaw's September 2018 pre-claim notice does not describe or mention a constructive discharge claim; his BPD employment continued for seven months before he claims he was constructively discharged. *See* Bolasina Dec. Dkt. # 17 at Ex. A. This claim too is subject to dismissal without prejudice, for failure to satisfy the administrative prerequisites for Shaw's constructive discharge claim.

* * *

Shaw has known that he sued (and insufficiently served) the wrong party for more than six months. His statutory pre-claim notice did not include his now-asserted constructive

discharge tort claim. He has made no effort to remedy any of these issues despite knowledge of them and ample time to do so. BPD's Motion is GRANTED, and Shaw's claims are DISMISSED without prejudice. Any other pending motions are DENIED as moot, and the trial date and case schedule are VACATED. The case is closed.

IT IS SO ORDERED.

Dated this 19th day of February, 2020.

Ronald B. Leighton
United States District Judge